UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY WILLIAMS,

    Petitioner,

Case No. 10-cv-11939

v.

HONORABLE STEPHEN J. MURPHY, III

LLOYD W. RAPELJE,

    Respondent.

                                            /

**OPINION AND ORDER GRANTING PETITIONER'S
MOTION FOR STAY AND ADMINISTRATIVELY CLOSING CASE**

Petitioner Terry Williams filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Williams, who is currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, challenges his convictions for first-degree home invasion, killing an animal, felonious assault, felon in possession of a firearm, and possession of a firearm during the commission of a felony. At the same time he filed the petition, Williams also filed a Motion for Stay because his appeal remains pending in state court. The Court will grant Williams' motion, hold the present petition in abeyance, and administratively close the matter.

**I.**

Following a jury trial in Wayne County Circuit Court, Williams was convicted as set forth above. He was sentenced as a third habitual offender to ten to forty years' imprisonment for the home invasion conviction, five to ten years' imprisonment for the felon-in-possession conviction, four to eight years' imprisonment for the felonious assault conviction, and two to four years' imprisonment for the killing of an animal conviction, all

of the foregoing to be served concurrently with one another and consecutively to five years' imprisonment for the felony-firearm conviction.

Williams filed an appeal of right in the Michigan Court of Appeals. He raised the following claims: (i) counsel was ineffective in her presentation of the motion to suppress items seized during a warrantless search; (ii) home invasion and felonious assault jury instructions were deficient; (iii) he was not properly sentenced as a third habitual offender; (iv) offense variable 25 was incorrectly scored; (v) the trial court erred in denying motions to suppress the cell phone and gun evidence and the victims' pretrial identifications; (vi) insufficient evidence was presented to support his bind over for trial; and (vii) Williams was never bound over on charge of killing an animal and circuit court therefore lacked jurisdiction over that charge. The Michigan Court of Appeals affirmed Williams' convictions, but held that offense variable 25 was incorrectly scored, vacated the sentences and remanded for resentencing. *People v. Williams*, No. 280428 (Mich. Ct. App. March 5, 2009).

Williams filed a motion for reconsideration, arguing that he had not been given notice of prior offenses used to enhance his sentence in violation of Mich. Comp. Laws § 769.13. The Michigan Court of Appeals denied reconsideration. *People v. Williams*, No. 280428 (Mich. Ct. App. Apr. 10, 2009).

Williams filed an application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Williams*, No. 138229 (Mich. May 12, 2009).

On September 30, 2009, Williams was resentenced to the following sentences, which were greater than those originally imposed: sixteen years, three months to forty years' imprisonment for the first-degree home invasion conviction, four years, two months

to eight years, two months' imprisonment for the felonious assault conviction, four years, two months to eight years, two months' imprisonment for killing an animal. The sentences for felon-in-possession and felony-firearm remained unchanged.

Williams filed an appeal of his new sentences in the Michigan Court of Appeals. That matter remains pending. *See People v. Williams*, No. 297588.

On May 10, 2010, Williams filed the pending petition, raising the following claims: (i) ineffective assistance of counsel; (ii) denial of right to fair trial; and (iii) denial of right of access to the courts.

## II.

Petitioner asks the Court to stay further proceedings in this matter pending resolution of his appeal of the sentence imposed on remand. If unsuccessful on appeal, Williams, presumably, will seek to amend his habeas petition to include a challenge to the new sentence. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The Court is concerned that outright dismissal of Williams' petition might jeopardize the timeliness of one or more of his claims under the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1).

3

Petitioner's direct appeal with respect to the claims contained in his petition concluded on May 12, 2009, when the Michigan Supreme Court denied his application for leave to appeal. For purposes of § 2244(d)(1), Williams' conviction became final when the ninety-day time period for filing a petition for writ of certiorari in the United States Supreme Court expired, August 10, 2009. Although the Michigan Court of Appeals remanded Williams' case for resentencing and his subsequent appeals remain pending, the Sixth Circuit has indicated that the AEDPA's statute of limitations for a petitioner's non-remanded claims commences when the judgment with respect to the non-remanded claims or original conviction became final, rather than from when the resentencing judgment became final. *Bachman v. Bagley*, 487 F.3d 979, 983 (6th Cir. 2007).

In reaching its decision in *Bachman*, the Sixth Circuit distinguished an earlier decided case in which the court held that "'the [AEDPA's] one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment became final, rather than the date that the original conviction became final.'" 487 F.3d at 982 (quoting *Linscott v. Rose*, 436 F.3d 587, 591 (6th Cir. 2006)). The court read *Linscott* as "expressly restrict[ing] itself to petitions that challenge the resentencing decision itself – that is, to petitions that bring legal challenges to the same event that causes the restarting of the statute of limitations clock." *Id*. The Sixth Circuit reasoned:

> Sixth Circuit precedent dictates . . . that courts determine the beginning of the one-year statute of limitations based on the content of the prisoner's claim. The logic behind this rule was explained in *Fielder v. Varner*, 379 F.3d 113 (3d Cir. 2004), . . . . The *Fielder* court observed that using the same beginning date for the statute of limitations for an entire habeas petition, regardless of the nature of the individual claims, "has the strange effect of permitting a late-accruing federal habeas claim to open the door for the

4

> assertion of other claims that had become time-barred years earlier," a result that Congress never intended when it designed the federal habeas statutes. *Id.* at 120.

*Bachman*, 487 F.3d at 984.

It appears that Williams filed his pending petition for a writ of habeas corpus just three months before the one-year limitations period expired. In his petition, he challenges not the resentencing judgment, but rather his underlying convictions. Thus, his most recent resentencing judgment does not re-start his limitations clock for purposes of his claims challenging his conviction. If this Court dismisses Williams' pending petition and he experiences delays in proceeding before the state courts or receiving his legal mail, he could be time-barred from re-filing a petition for writ of habeas corpus following exhaustion of his claims in the state courts.

The Court finds that Williams has good cause for failing to present his claims previously in state court. The Court does not find Williams' unexhausted claims to be "plainly meritless" and there is no indication that his failure to raise the claims previously in the state court resulted from "intentionally dilatory litigation tactics." *See Rhines*, 544 U.S. at 278, 125 S. Ct. at 1535. Therefore, the Court will grant Petitioner's request to stay further proceedings in this matter pending his exhaustion of claims related to resentencing.

The Supreme Court advised in *Rhines* that, when a district court determines that a stay is appropriate pending exhaustion of state court remedies, the court "should place reasonable time limits on a petitioner's trip to state court and back." 544 U.S. at 278, 125 S. Ct. at 1535. To ensure that Williams does not delay in exhausting his state court remedies, the Court imposes the time limits set forth below within which he must proceed.

**III.**

Petitioner's Motion to Stay is **GRANTED**.  The proceedings in this case are stayed pending Williams' exhaustion of his state court remedies provided that Williams returns to this Court within **sixty days** of exhausting his state court remedies and files a motion to lift the stay and to file an amended petition adding the exhausted claims.

To avoid administrative difficulties, the Clerk shall **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  June 1, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 1, 2010, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager