UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY W. WILLIAMS,

                Petitioner,                Case Number: 2:10-cv-11939

v.                                        HON. STEPHEN J. MURPHY, III

LLOYD W. RAPELJE,

                Respondent.
_____/

**OPINION AND ORDER
GRANTING IN PART AND DENYING
IN PART RESPONDENT'S MOTION TO DISMISS [40]
AND TRANSFERRING HABEAS CORPUS PETITION TO COURT OF APPEALS**

Petitioner Terry Williams filed a pro se petition for writ of habeas corpus challenging convictions rendered in Wayne County Circuit Court in 1994 and 2007. Now before the Court is Respondent's Motion to Dismiss the present case. The Court has reviewed the briefs, and finds that a hearing is unnecessary. For the reasons set forth below, the Court will grant Respondent's motion in part and transfer the remaining claims to the United States Court of Appeals for the Sixth Circuit.

**BACKGROUND**

After a bench trial in Wayne County Circuit, Petitioner was convicted of assault with intent to murder, Mich. Comp. Laws § 750.83, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b (collectively the "1994 Convictions"). After a period of imprisonment, he was discharged in June 2004.

Following a jury trial in Wayne County Circuit Court in 2007, Petitioner was convicted of first-degree home invasion, Mich. Comp. Laws § 750.110a, being a felon in possession

of a firearm, Mich. Comp. Laws § 750.224f, felonious assault, Mich. Comp. Laws § 750.82, killing an animal, Mich. Comp. Laws § 750.50b, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b (collectively the "2007 Convictions").

Petitioner has since filed three habeas petitions. The first was filed in 2010. ECF 1. After filing the first petition, Petitioner moved to stay the case while he completed his state court appeal. ECF 2. The Court granted the motion and administratively closed the case. ECF 3. In July 2012, Petitioner moved to lift the stay and filed an amended petition. ECF 8; ECF 9. The Court then lifted the stay and required a responsive pleading. ECF 13. In January 2015, Petitioner moved for a second stay so he could exhaust a claim in state court based upon newly discovered evidence. ECF 25. The Court granted the motion and again stayed the case. ECF 26.

In March 2017, Petitioner filed his second habeas petition. *Williams v. Horton*, Case No. 17-10785. The petition raised several claims related to the sentences imposed for the 2007 Convictions, which the Court denied on the merits. *Id.*, ECF 14.

In May 2017, Petitioner filed his third habeas petition. *Williams v. Horton*, Case No. 17-11547. The third petition was ultimately consolidated with the first petition, so the Court reopened the docket for the previously stayed first petition. ECF 32. The consolidated action is presently before the Court, and Respondent has filed a motion to dismiss.

## DISCUSSION

Respondent seeks a dismissal of the habeas petition because (1) the petition is time-barred and (2) Petitioner is not in custody pursuant to the conviction being challenged. Respondent's argument is based on the position that the petition challenges Petitioner's

1994 Convictions. Petitioner contends that the petition challenges his 2007 Convictions as enhanced by the 1994 Convictions. Under either theory, the petition may not proceed.

For a federal court to have jurisdiction over a petition for a writ of habeas corpus under § 2254, the petitioner "must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (citing *Carafas v. LaVallee,* 391 U.S. 234, 238 (1968)). Courts determine whether a person is "in custody" at the time the petition is filed. *Carafas,* 391 U.S. at 238. Petitioner's sentence for the 1994 Convictions expired in 2004, therefore all of the petitions here were filed after Petitioner was no longer in custody. Consequently, Petitioner's direct challenges to the 1994 Convictions will be dismissed.

The remainder of Petitioner's claims must be transferred. Although Petitioner may challenge the 2007 Convictions as enhanced by the allegedly unlawful 1994 Convictions, *see Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401–02 (2001) (citing *Maleng*, 490 U.S. 488 at 489–494), Petitioner's second habeas petition already unsuccessfully challenged the 2007 Convictions. *See Williams*, Case No. 17-10785, ECF 14. Consequently, the Court must decide whether the consolidated first and third petitions are successive to the second petition. Because the consolidation did not "merge the suits into a single action," Petitioner does not automatically benefit from the filing date of the first petition. *Twaddle v. Diem*, 200 F. App'x 435, 438 n.4 (6th Cir. 2006); *United States v. Cordes,* Case Nos. 15-10040, 15-14101, 15-13604, 2016 WL 1719467, *2 n.1 (E.D. Mich. March 3, 2016). The third petition is therefore successive to the second. And although the first petition was originally filed before the second petition, Petitioner chose to file the second petition before he moved to reopen the first. Despite the original filing dates, the

3

first petition is therefore successive to the second petition. To hold otherwise would allow Petitioner to elude AEDPA's restrictions on successive petitions and to twice challenge the 2007 Convictions. *See Workman v. Bell*, 227 F.3d 331, 337 n.4 (6th Cir. 2000) (holding that "[H]abeas petitioners should not be able to make an end-run around the requirements of AEDPA" by creatively styling their pleadings.).

"Before a second or successive application . . . is filed in the district court, the applicant [must] move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Petitioner has not complied with the statutory requirement, the Court must transfer the petition to the Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**WHEREFORE** it is hereby **ORDERED** that Respondent's Motion for Dismissal [40] is **GRANTED IN PART AND DENIED IN PART**. Petitioner's claims directly challenging the 1994 Convictions are **DENIED**. The Court directs the Clerk to **TRANSFER** the remaining claims to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**IT IS FURTHER ORDERED** that Petitioner's Motion Requesting Oral Argument and Requesting Appointment of Counsel [43] is denied as **MOOT**.

**SO ORDERED.**

/s/ Stephen J. Murphy, III
Stephen J. Murphy, III
Dated: November 29, 2017                    United States District Judge

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 29, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager