UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY W. WILLIAMS,

    Plaintiff,

v.

LLOYD W. RAPELJE,

    Defendant.
    _____/

Case No. 2:10-cv-11939

HONORABLE STEPHEN J. MURPHY, III

### ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS [65], CLOSING CASE, AND DENYING PETITIONER'S REMAINING PENDING MOTIONS [62, 64, 70]

Petitioner Terry W. Williams filed a *pro se* petition for a writ of habeas corpus challenging his convictions for first-degree home invasion, being a felon in possession of a firearm, felonious assault, possession of a firearm during the commission of a felony, and killing an animal. ECF 47. He was sentenced as a third habitual offender to 195 to 480 months' imprisonment for first-degree home invasion, 60 to 120 months' imprisonment for felon in possession, 50 to 96 months' imprisonment for felonious assault, and 50 to 96 months' imprisonment for killing an animal, to be served consecutively to 60 months' imprisonment for the felony-firearm conviction.

Petitioner filed four pending motions: (1) a motion to stay proceedings, ECF 65; (2) a motion for an extension of time to respond to the answer and for appointment of counsel, ECF 64; (3) an amended motion for an evidentiary hearing, ECF 62; and (4) a motion for an order under Rule 45(g), ECF 70. For the reasons below, the Court will grant the motion to stay and deny the three other motions.

1

**DISCUSSION**

I.   <u>Motion to Stay</u>

Petitioner asks the Court to stay his habeas petition while he returns to state court to raise an additional claim based upon newly-discovered evidence. ECF 65. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner seeks a stay because, although the claims raised in the petition are exhausted, he would like to raise an additional, unexhausted claim in state court.

A federal court may stay a federal habeas petition and hold it in abeyance pending resolution of state court post-conviction motion if (1) dismissal of the habeas petition would jeopardize the timeliness of a future petitioner; (2) there is good cause for the petitioner's failure to exhaust the claims; (3) the unexhausted claims are not "plainly meritless;" and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

Williams's unexhausted claim concerns the conviction of a former police officer, David Hansberry, who worked as the lead investigator in Williams's state court case. Williams states that Hansberry has been convicted of crimes such as filing false affidavits for search warrants, theft, and destroying evidence. ECF 65, PgID 2988–89. Williams recently learned of Hansberry's 2016 convictions. *Id.* at 2989. Williams argues that Hansberry's convictions are relevant to his case because they support his defense that evidence was suppressed or destroyed, the search warrant was invalid, and that Hansberry improperly developed eyewitness testimony. *Id.* at 2988–89.

2

Williams does not appear to have engaged in dilatory litigation tactics and the claim is not plainly meritless. Moreover, dismissal of the case could result in the running of the one-year statute of limitations in 28 U.S.C. § 2254(d). Williams already filed a post-conviction motion in state court. And a prison generally may file only one post-conviction motion. Mich. Ct. R. 6.502(G)(1). But an exception exists for newly-discovered evidence. Mich. Ct. R. 6.502(G). The Court will therefore grant Williams's motion to stay the case and will hold the petition in abeyance.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.

To ensure that Williams does not delay in exhausting his state court remedies, the Court imposes time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Williams must present his claim in state court within sixty days from the date of this Order. *See id.* Petitioner must also ask this court to lift the stay within sixty days of completing state court review. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

II. <u>Motion for an Extension of Time and Appointment of Counsel</u>

Williams also filed a motion for an extension of time to respond to Respondent's answer and for appointment of counsel. ECF 64. But, Williams timely filed a reply within the time allotted. ECF 66. Therefore, an extension of time is unnecessary.

3

Williams also seeks appointment of counsel. Williams does not have an absolute right to be represented by counsel on federal habeas corpus review. *See Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (citation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever . . . the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The Court determines that the interests of justice do not require the appointment of counsel.

III. Remaining Pending Motions

Because the Court is staying the proceedings, Williams's remaining motions will be denied without prejudice to his right to refile the motions after the stay is lifted.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's motion to stay writ of habeas corpus [65] is **GRANTED**.

**IT IS FURTHER ORDERED** that the habeas petition is **STAYED** and further proceedings in this matter are held in **ABEYANCE**. If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days of the date of this Order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall **FILE** a motion to lift the stay and an amended petition with the Court within sixty days after the conclusion of the state court proceedings.

4

**IT IS FURTHER ORDERED** that Petitioner's motion for an extension of time and to appoint counsel [64] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's amended motion for an evidentiary hearing [62] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for order under Rule 45(g) [70] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** the case for statistical purposes only.

**SO ORDERED.**

        s/ Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: July 23, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 23, 2019, by electronic and/or ordinary mail.

        s/ David P. Parker
        Case Manager