UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY WILLIAMS,

    Petitioner,

Case No. 2:10-cv-11939

HONORABLE STEPHEN J. MURPHY, III

v.

LLOYD W. RAPELJE,

    Respondent.

_____/

**ORDER DENYING PETITIONER'S
DECLARATION SUPPORTING MOTION [78]
AND STRIKING COPIES OF MOTIONS [79, 80]**

Petitioner Terry W. Williams filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 and challenged his 2007 convictions for first-degree home invasion, felon in possession of a firearm, felonious assault, possession of a firearm during the commission of a felony, and killing an animal. ECF 47. On July 23, 2019, the Court granted Petitioner's motion to stay proceedings while he exhausted an additional claim in state court and closed the case subject to Petitioner moving to lift the stay after exhausting state court remedies. ECF 71. Petitioner has not sought to reopen the case. Rather, he filed a declaration supporting a motion that requested emergency release and an "emergency motion for temporary restraining order for injunctive relief of an emergency release, and understanding the COVID-19 virus." ECF 78.

Petitioner's declaration was purported to be filed in support of motions for emergency release and for a temporary restraining order ("TRO"). *Id.* But Petitioner

1

has filed neither a motion for emergency release nor for a TRO in this Court. Instead, he filed copies of motions for release apparently filed in the underlying state court, the Wayne County Circuit Court. *See* ECF 79, 80. The Court will therefore construe the declaration as a motion for release and TRO. And for the following reasons, the Court will deny the motion.

The basis for Petitioner's motion is the ongoing COVID-19 pandemic. ECF 78. He claimed that he is in imminent danger of irreparable harm because he suffers from chronic health issues and because the population density in prisons makes effective social distancing impossible. *Id.* The motion, however, is unrelated to the claims raised in Petitioner's habeas petition and, therefore, not properly filed in this presently closed case. *See, e.g., Smith v. Zuercher*, No. 7:08-cv-229, 2009 WL 499112, *4, n.2 (E.D. Ky. Feb. 27, 2009) (petitioner is not permitted to "piggy-back" separate, unrelated claims onto his habeas petition). To the extent Petitioner sought relief under 28 U.S.C. § 2241 or 42 U.S.C. § 1983, he must proceed in a new, separate action.

But even assuming the motion and declaration were properly filed, relief must be denied because Petitioner has not exhausted his state remedies for the claims raised in the motion. *See* 28 U.S.C. § 2254(b)(1)(A) (habeas corpus relief may not be granted unless Petitioner "has exhausted the remedies available in the courts of the State"); *Makin v. Wainwright*, No. 3:20-cv-912, 2020 WL 2085141, *2 (N.D. Ohio Apr. 30, 2020) (dismissing § 2241 petition seeking relief on the basis of the COVID-19 pandemic for failure to exhaust state remedies). The Court will dismiss Petitioner's declaration. And because he improperly filed copies of motions not pending before this

Court, the Court will strike the two copies of motion Petitioner filed in Wayne County Circuit Court.

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's declaration supporting motion requesting emergency release and emergency motion for temporary restraining order for injunctive relief of an emergency release, and understanding the COVID-19 virus [78] is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's copies of motions filed in Wayne County Circuit Court [79, 80] are **STRICKEN**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 14, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 14, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager