UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY WAYNE WILLIAMS,

                   Petitioner,

v.

PEOPLE OF THE STATE OF
MICHIGAN,

                   Respondent.

Case No. 2:22-cv-12724

HONORABLE STEPHEN J. MURPHY, III

_____/

## **OMNIBUS OPINION AND ORDER**

Petitioner Terry Wayne Williams filed a "petition for removal" under 28 U.S.C.
§§ 1443, 1446. ECF 1. Petitioner asked the Court to remove his pending State post-
conviction proceeding and to "retain jurisdiction of this petition." *Id.* at 7 (alteration
omitted). Alternatively, Petitioner asked that the Court "adjudicate [his] claims of
[c]onstitutional error on the merits" or "[i]ssue an injunction and order an evidentiary
hearing be held to bring [another judge] up to date on [the] facts [that] surround his
case." *Id.* (emphasis omitted).

The Court will liberally construe the petition for removal as a petition for writ
of habeas corpus under 28 U.S.C. § 2254. Petitioner asked the Court to remove a State
criminal case to federal court because his pending post-conviction State proceedings
are taking too long, and as Petitioner put it, his "rights are ([f]lagrantly) being swept
under the rug." *Id.* at 6. The Court will construe Petitioner's request as a petition for
a writ of habeas corpus because, at its core, Petitioner's request challenges the

1

validity of his State-court conviction and "illegal sentence." *Id.* In fact, the primary

relief Petitioner requested was that the Court reopen his previously stayed habeas

petition. *Id.*; *see Williams v. Rapelje*, No. 2:10-CV-11939, 2019 WL 3305602 (E.D.

Mich. July 23, 2019). For the reasons below, the Court will order that Petitioner's

application for a writ of habeas corpus be consolidated with Petitioner's previously

filed habeas petition. The Court will further order that Petitioner's "petition for

removal" be re-filed by the Clerk of the Court under Case Docket No. 2:10-cv-11939.

The Court will then dismiss the current petition as duplicative of Petitioner's

previously filed habeas application.

"Companion cases are those in which it appears that: (i) substantially similar

evidence will be offered at trial, or (ii) the same or related parties are present, and

the cases arise out of the same transaction or occurrence." E.D. Mich. L.R. 83.11(b)(7).

"Successive habeas corpus petitions challenging the same conviction or sentence

regardless of grounds asserted shall be assigned to the Judge to whom the original

petition was assigned, or to the Judge who is appointed to fill the vacancy of that

Judge." E.D. Mich. L.R. 83.11(b)(5). Both Petitioner's habeas petitions challenge the

same State-court conviction. *Compare Williams v. Michigan*, No. 2:22-cv-12724, ECF

1 (E.D. Mich. Nov. 10, 2022), *with Williams*, 2019 WL 3305602. Petitioner's current

petition is thus a companion to his first petition and the two should be treated as

companions. The Court will therefore consolidate Petitioner's two habeas petitions

into one case, Case No. 2:10-cv-11939, in the interest of judicial economy. *See* Fed. R.

Civ. P. 42.

Next, the Court will dismiss the current petition as duplicative of the previously filed habeas petition. "A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions." *Hudson v. Horton*, No. 21-12763, 2022 WL 16827566, at *1 (E.D. Mich. Oct. 11, 2022); *see Young v. Nagy*, No. 22-10964, 2022 WL 2073039, at *1 (E.D. Mich. May 18, 2022). Because Petitioner sought the same relief in his current habeas petition as his previous habeas petition, the two are duplicative. *Id.* Petitioner's current petition is thus subject to dismissal. *See Davis v. U.S. Parole Com'n*, 870 F.2d 657 (Table), No. 1989 WL 25837, *1 (6th Cir. Mar. 7, 1989) (a district court can properly dismiss a habeas petition as duplicative of a pending habeas petition where the court finds that the instant petition is essentially the same as the earlier petition). The Court will thus dismiss Petitioner's present habeas petition as duplicative of his earlier habeas petition. *See Williams*, 2019 WL 3305602.

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court must **CONSOLIDATE** this case with *Williams v. Rapelje*, No. 2:10-cv-11939 (E.D. Mich. May 5, 2010).

**IT IS FURTHER ORDERED** that the Clerk of Court must **REFILE** Case No. 2:22-cv-12724, ECF 1 to *Williams v. Rapelje*, No. 2:10-cv-11939 (E.D. Mich. May 5, 2010).

**IT IS FURTHER ORDERED** that the current case is **DISMISSED** as duplicative of *Williams v. Rapelje*, No. 2:10-cv-11939 (E.D. Mich. May 5, 2010).

**IT IS FURTHER ORDERED** that the Clerk of the Court must **CLOSE** this case, Case No. 2:22-cv-12724.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 22, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 22, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager